UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JIMMIE STEPHEN,

    Plaintiff,

v.

DR. REYES; et al.,

    Defendants.
                               /

No. C 12-3722 SI (pr)

**ORDER OF SERVICE AND PARTIAL DISMISSAL**

## INTRODUCTION

Jimmie Stephen, an inmate at San Quentin State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983. The court reviewed the initial complaint, found numerous deficiencies, and dismissed it with leave to amend. Stephen then filed an amended complaint and several supplements to the amended complaint, which are now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

In his amended complaint, Stephen alleges several instances of inadequate medical care by Dr. Reyes. Dr. Reyes allegedly denied Stephen a lower bunk chrono in November 2011 which earlier had been approved through June 9, 2012 and which he needed after recent surgeries. *See* Docket # 10, pp. 2, 3 and 6. On December 8, 2011, Dr. Reyes allegedly failed to do tests and order Ensure supplement after Stephen had a blackout in the law library. *Id.* at 4. On February 2, 2012, Dr. Reyes allegedly denied him vitamin D and calcium supplements.

*Id.* Dr. Reyes also allegedly overlooked his hernia because she wore "thick dishwashing gloves" when examining him that "allow[ed] no feeling abilities." *Id.* at 4, 6-7. Another doctor found the hernia months later. *Id.* at 6.

The amended complaint and the several supplements also allege claims against other defendants for retaliatory cell moves and transfers, changing Stephen's status from medium security to close custody, denying him law library access, and causing him property loss. *See* Docket # 10, pp. 5-9; Docket #s 11 -13.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Deliberate indifference to a prisoner's serious medical needs amounts to the cruel and unusual punishment prohibited by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Liberally construed, the amended complaint states a § 1983 claim against Dr. Denise Reyes for deliberate indifference to plaintiff's serious medical needs based on her alleged denial

of a lower bunk chrono, alleged failure to do tests and order a supplement after plaintiff had a blackout, alleged denial of vitamin D and calcium supplements, and alleged failure to address his hernia.

The amended complaint lists as additional defendants for the medical care claim the warden, the chief medical officer and the receiver appointed to oversee medical care in California prisons. There are no allegations that these defendants played any role in Stephen's medical care or otherwise engaged in any wrongful conduct causally connected to the alleged constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011). These three defendants appear to have been named as defendants because they are in charge of the institutions and organizations that employed the alleged wrongdoer. There is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is liable simply because he employs a person who has violated plaintiff's rights. *See Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978)*; Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The warden, chief medical officer and receiver are dismissed.

None of the other defendants in the amended complaint and supplements are properly joined as defendants. Federal Rule of Civil Procedure 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action." In this action, Stephen complains about wrongdoing committed by different people at different times. The defendant for his medical care claims, Dr. Reyes, is not a defendant for the various claims about his cell (e.g., incompatible cell mates, ventilation problems, repeated moves, and the allegedly retaliatory placement decisions), law library access, or property loss. The defendants for the latter set of claims (about his cell, the law library and property loss) are different from the medical claim; the claims are not based on the same transaction or occurrence or series of transactions and occurrences; and there are not questions of law or fact common to all of the defendants. The defendants for those claims do not satisfy the joinder requirements under Rule 20(a)(2) with the claims against Dr. Reyes for

3

her alleged deliberate indifference to his serious medical needs.

Dismissal of the entire action is not necessary, however, as the improper joinder problem can be solved by merely dismissing the improperly joined parties. *See* Fed. R. Civ. P. 21. Accordingly, the court will dismiss all the defendants except for defendant Dr. Reyes. The dismissal of the improperly joined parties is without prejudice to plaintiff filing new actions asserting claims against those parties.

**CONCLUSION**

1. The amended complaint, liberally construed, states a cognizable § 1983 claim against defendant Dr. Denise Reyes for deliberate indifference to plaintiff's medical needs. All other defendants are dismissed without prejudice to plaintiff filing a separate action against them that satisfies the joinder requirements.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the amended complaint and a copy of all the documents in the case file upon Dr. Denise Reyes, who apparently works on the medical staff at San Quentin State Prison.

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

a. No later than **June 7, 2013**, defendant must file and serve a motion for summary judgment or other dispositive motion. If defendant is of the opinion that this case cannot be resolved by summary judgment, defendant must so inform the court prior to the date the motion is due. If defendant files a motion for summary judgment, defendant must provide to plaintiff a new *Rand* notice regarding summary judgment procedures at the time she files such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012). If defendant files a motion to dismiss for non-exhaustion of administrative remedies, defendant must provide to plaintiff a notice regarding motions to dismiss for non-exhaustion procedures at the time she files such a motion. *See Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

b. Plaintiff's opposition to the summary judgment or other dispositive motion

must be filed with the court and served upon defendant no later than **July 5, 2013**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

        c.     If defendant wishes to file a reply brief, the reply brief must be filed and served no later than **July 19, 2013**.

    4.     Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment and motions to dismiss for non-exhaustion of administrative remedies:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).
>
> The defendants may file a motion to dismiss for failure to exhaust administrative remedies instead of, or in addition to, a motion for summary judgment. A motion to dismiss for failure to exhaust administrative remedies is similar to a motion for summary judgment in that the court will consider materials beyond the pleadings. You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies or were excused from doing so. The evidence may be in the form of declarations (that is, statements of fact signed under penalty of perjury) or authenticated documents (that is, documents accompanied by a declaration showing where they came from and why they are authentic), or discovery documents such as answers to interrogatories or depositions. In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case. If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial. *See generally Stratton v. Buck*, 697 F.3d at 1008-09.

    5.     All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard

5

any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

      6.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

      7.     Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

      8.     Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

      9.     Plaintiff's motions to supplement are DENIED because the allegations therein are not relevant to the claims against the one defendant that will proceed. (Docket # 12, # 13.)

      10.     Plaintiff's second motion for appointment of counsel (Docket # 15) is DENIED for the same reason his first motion for appointment of counsel was denied. *See* Docket # 8, p. 7.

IT IS SO ORDERED.

Dated: March 18, 2013

                                              SUSAN ILLSTON
                                              United States District Judge